■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES MORON, Appellant. [932 NYS2d 379]—

In satisfaction of a four-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced to a determinate term of imprisonment of at least one year and no more than 5½ years to be followed by a two-year period of postrelease supervision. County Court released defendant to interim probation pending sentencing. While on probation, defendant and a codefendant were charged in a 12-count indictment with additional drug-related crimes. In satisfaction thereof, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and again waived his right to appeal. Under the terms of this plea agreement, he was to be sentenced to nine years in prison, to be followed by two years of postrelease supervision, to run concurrently to the sentence imposed in connection with the first indictment of 5½ years in prison to be followed by two years of postrelease supervision. Defendant was sentenced accordingly and he now appeals.

Defendant's sole contention is that the sentence is harsh and excessive. We are, however, precluded from addressing this claim given defendant's valid waivers of appeal (*see People v Harris*, 84 AD3d 1587 [2011]; *People v Jones*, 83 AD3d 1289 [2011], *lv denied* 17 NY3d 860 [2011]). Therefore, we decline to disturb the judgment of conviction.

Peters, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.